UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK OWEN BAUGHMAN, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LOWE'S HOME IMPROVEMENT ) <br> STORE, ) <br> ) <br> Defendant. ) | Case No. 4:19-cv-1398-SNLJ |

## MEMORANDUM and ORDER

This matter is before the Court on plaintiff's motion to appoint counsel (#4).

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Stevens v. Redwing*, 146 F.3d. 538, 546 (8th Cir. 1998); *Edgington v. Mo. Dept. of Corrections*, 52 F.3d. 777, 780 (8th Cir. 1995); *Rayes v. Johnson*, 969 F.2d. 700, 702 (8th Cir. 1992). The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. *See McCall v. Benson*, 114 F.3d 754 (8th Cir. 1997); *Stevens*, 146 F.3d. at 546; *Edgington*, 52 F.3d. at 780; *Natchigall v. Class*, 48 F.3d. 1076, 1080-81 (8th Cir. 1995); *Johnson v. Williams*, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986).

In this matter, the Court finds that appointment of counsel is not necessary at this time. This action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim.

The Court will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, the Court will reconsider.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (#4) is **DENIED** without prejudice at this time.

Dated this 30th day of May, 2019.

_____
UNITED STATES DISTRICT JUDGE