# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK OWEN BAUGHMAN, JR., | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-01398-SRC |
| | ) | |
| LOWE'S HOME CENTERS, LLC and | ) | |
| FRANCIS KOZIACKI, | ) | |
| | ) | |
| Defendant(s). | | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion to Remand [9]. Defendant Lowe's Home Centers, LLC opposes the Motion [13]. For the reasons set forth below, the Court grants the Motion to Remand.

## I. BACKGROUND

Plaintiff Patrick Baughman, Jr., *pro se*, originally filed this action in the Circuit Court for the City of St. Louis, Missouri on September 13, 2018. Defendant Lowe's was served on April 25, 2019. On May 21, 2019, Lowe's removed the case to this Court on the basis of diversity jurisdiction. Doc. 1. Plaintiff filed the present Motion for Remand on June 28, 2019, arguing that diversity jurisdiction was inappropriate because Plaintiff's claims for damages did not meet or exceed the jurisdictional threshold of $75,000. Doc. 9. On November 13, 2019, Plaintiff filed his First Amended Complaint. Doc. 19. On November 27, 2019, Defendants filed an Amended Notice of Removal. Doc. 21. The Amended Notice of Removal asserts that this Court has jurisdiction because the Amended Complaint raises a federal question. *Id.* at pg. 3.

## II. STANDARD

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction. *Id.*; 28 U.S.C. § 1447(c). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

## III. DISCUSSION

Plaintiff's Motion for Remand argues that Defendant has failed to establish diversity jurisdiction because "the amount in controversy has not been established from the evidence to exceed $75,000." Doc. 9, pg. 2.

Under 28 U.S.C. § 1332, federal district courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between citizens of different states." 28 U.S.C. § 1332(a)(1). When evaluating whether the amount in controversy requirement is met, the Court must look to the amount in controversy at the time of removal. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969) ("It is the situation at the time of removal which is determinative."). "A subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount, does not defeat federal jurisdiction acquired through removal."[1] *Id.*

Plaintiff's original complaint, operative at the time of removal, did not allege a specific amount in damages. Where the complaint alleges no specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). "Under the preponderance standard, '[t]he jurisdictional fact ... is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are....'" *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (quoting *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002)).

After careful review of Plaintiff's original complaint, Doc. 3, and Lowe's Notice of Removal, Doc. 1, the Court finds that Lowe's has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiff alleges that, on or about November 11, 2017, Lowe's employee (and St. Louis Police detective) Francis Koziacki assaulted him at a Lowe's Home Improvement Store. Doc. 3, pg. 3. Plaintiff alleges that Koziacki pushed him from behind into a concrete wall and grabbed his arm "and attempted to

---

[1] Accordingly, the Court's analysis of the amount in controversy does not consider either Plaintiff's amended complaint (Doc. 19) or Lowe's Amended Notice of Removal (Doc. 21). Further, the Court need not consider Lowe's argument for removal based on federal question jurisdiction, *see* Doc. 21, because Plaintiff's amended complaint, which purports to state a claim for violation of "the Plaintiff's rights under the Eighth Amendment", raises no viable federal question. Plaintiff's Eighth Amendment claim is futile on its face. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983) (the Eighth Amendment's proscription on cruel and unusual punishment applies only after the state has secured a formal adjudication of guilt).

break it." *Id.* at pg. 4. Plaintiff further alleges that Koziacki "choked [him] by grabbing [his] neck." *Id.*

In opposition to Plaintiff's Motion to Remand, Lowe's argues that these allegations establish an amount in controversy over $75,000 "in light of the intentional tort allegations and alleged injuries of the head, neck, and arm." Doc. 1, pg. 4. Lowe's cites no authority—and the Court is aware of none—for the proposition that merely alleging an intentional tort is sufficient to meet the $75,000 amount-in-controversy threshold.

Lowe's cites several cases in which district courts denied remand because the plaintiff alleged significant physical injuries. *See McLauchlin v. Sight*, No. 4:16-cv-0542-DGK, 2016 U.S. Dist. LEXIS 99983, at *5 (W.D. Mo. Aug. 1, 2016) ("Petition alleged the accident hurt Plaintiff's 'head, left knee, left leg, and body'"); *Carville v. Sheraton Corp.*, No. 4:08-cv-01567-FRB, 2009 WL 1393872, at *6 (E.D. Mo. May 15, 2009) (plaintiff alleged many soft-tissue injuries); *Ward v. Sailormen, Inc.*, 2007 WL 1040934, at *1 (E.D. Mo. Apr. 3, 2007) (plaintiff alleged injuries to head, neck, back, arms, and buttocks as a result of a fall); *O'Keefe v. Midwest Transit, Inc.*, No. 06-CV-1066-DDN (E.D. Mo. Sept. 18, 2006) (plaintiff alleged serious injuries to head, neck, left shoulder, arm, and hand); *Quinn v. Kimble*, 228 F.Supp.2d 1038, 1041 (E.D. Mo. 2002) (plaintiffs suffered head, neck, and back injuries). The Court finds these cases distinguishable because Plaintiff does not specifically allege *any* injuries in the present case. The complaint describes what Koziacki allegedly *attempted* to do, but there is no allegation of actual injury sustained by Plaintiff. In the absence of any specific allegation that Plaintiff's physical injuries were more than *de minimis*, the Court declines to construe Plaintiff's complaint as

alleging an amount in controversy in excess of $75,000.[2] Thus, the Court finds that it lacks subject-matter jurisdiction over this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand [9] is GRANTED.

So Ordered this 20th day of December, 2019.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**

---

[2] Further, not only has Plaintiff moved for remand on the grounds that the $75,000 threshold was not met in his original complaint (Doc. 3), Plaintiff has also subsequently amended his complaint to definitively state that he seeks an amount in damages less than the jurisdictional requirement. Doc. 19 (seeking $16,000 in compensatory damages and $16,000 in punitive damages). Under these circumstances, the Court is particularly disinclined to construe Plaintiff's complaint so as to deprive him of his chosen forum.